AO 91 (REV.5/85) Criminal Complaint

AUSA Michael T. Donovan (312) 886 - 2035

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ROBERT SKINNER

**06CR0316**

FILED
LAL
MAY - 2 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CRIMINAL COMPLAINT

CASE NUMBER:
MAGISTRATE JUDGE BROWN

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. Between in or around January 2006 and on or about April 26, 2006, in the Northern District of Illinois, Eastern Division, defendant,

> employed, used, persuaded, induced, enticed and coerced a minor under the age of eighteen with the intent that the minor engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, namely, approximately 25 images of Minor A engaging in sexual acts and Minor A's genitalia, which visual depictions were produced using materials that had been shipped and transported in interstate and foreign commerce;

In violation of Title 18, United States Code, Section 2251(a).

I further state that I am a Special Agent with U.S. Department of Homeland Security, Immigration and Customs Enforcement, and that this complaint is based on the following facts:

See Attached Affidavit

Continued on the attached sheet and made a part hereof: _X_ Yes __ No

Signature of Complainant

Sworn to before me and subscribed in my presence,

May 2, 2006     at     Chicago, Illinois
Date                                             City and State

Geraldine Soat Brown, U.S. Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) SS |
| COUNTY OF COOK | ) |

## AFFIDAVIT

I, Demetrius Flowers, being duly sworn, depose and state:

1. I am a Special Agent with the Department of Homeland Security, United States Immigration and Customs Enforcement (ICE), assigned to the Special Agent in Charge (SAC) in Chicago, Illinois. I have been employed with ICE since March 2004 and am currently assigned to the Cyber Crimes Investigations Group in the Office of the Special Agent in Charge/Chicago, located in Oakbrook, Illinois.

2. This affidavit is submitted for the limited purpose of establishing probable cause in support of the attached complaint and therefore contains only a summary of the relevant facts. I have not included each and every fact known to me concerning the individuals and events described herein. I am familiar with the information contained in this affidavit based upon the investigation I have personally conducted, my conversations with other law enforcement officers involved in this investigation, and review of records.

3. Based on information provided by a business enterprise which has offices in Chicago, Illinois (hereinafter "Business A"), ICE agents learned that a former temporary employee at Business A, ROBERT SKINNER ("SKINNER"), was fired on April 28, 2006, for possessing pornographic pictures on an IBM Thinkpad laptop computer, serial number L3-TVREY (the "Laptop"), which belongs to Business A. As further detailed

1

below, agents reviewed the Laptop, which was used by SKINNER while he was employed at Business A, and found that the Laptop contained approximately twenty-five images that constitute child pornography as defined by 18 U.S.C. § 2256(8).[1]

4. SKINNER has been employed by a temporary employment agency in Chicago (hereinafter "Business B") for approximately three years. During 2005, Business B assigned SKINNER to work for Business A. SKINNER worked full time at the offices of Business A for approximately the last year. SKINNER's job duties at Business A included providing technical support to computer users at Business A.

5. Business A assigned the Laptop computer to SKINNER to use during his employment at Business A. The Laptop has an identifying sticker with "R Skinner" printed on it.

6. On April 26, 2006, Business A learned that SKINNER had accessed adult pornography web sites on the internet using a computer belonging to Business A while SKINNER was at work in Business A's offices. After learning this information, Business A suspended SKINNER from work and conducted a search of the Laptop. Business A

---

[1] "Child Pornography" means "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where – (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; . . . [or] (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct." 18 U.S.C. § 2256(8). For conduct occurring after April 30, 2003, the definition also includes "(B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from that of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8).

2

determined that there were numerous sexually explicit photographs of a young female on the Laptop.

7. On April 28, 2006, ICE agents went to Business A's offices and conducted a limited forensic review of the Laptop. The Laptop contained approximately twenty-five images of child pornography as defined in Title 18, United States Code, § 2256 (8) (hereinafter "Child-Pornographic Images"). The Laptop also contained approximately twelve images of an adolescent female (hereinafter "Minor A") in various stages of undress, although these images are not child pornography according to 18 U.S.C. § 2256(8) (hereinafter "Non-Pornographic Images").

8. Minor A's mother confirmed that Minor A is twelve years old.

9. The Child-Pornographic Images depict a female engaged in sexual acts as well as displays of female genitalia.

10. On May 1, 2006, agents executed a search warrant at SKINNER's residence, which is in the Northern District of Illinois. Agents recovered numerous items including several computers and an Olympus D520 digital camera. Olympus manufactures model D520 digital cameras in Japan.

11. A digital camera records identifying data within each image created by the camera. This data may reflect the type of camera used to create the image, and in some cases the serial number of the camera. When an image is taken from the digital camera and saved onto another storage medium, such as a compact disc or a computer hard drive,

3

the identifying data remains within the image and can be analyzed as part of a forensic examination of the storage medium. In this case, the images on the Laptop were analyzed and agents determined that all of the Child-Pornographic Images and the Non-Pornographic Images were taken by an Olympus digital camera.

12. Subsequent to SKINNER's arrest on May 1, 2006, SKINNER was provided with a verbal and written copy of his Miranda rights. After SKINNER had signed a written waiver of his Miranda rights, agents interviewed SKINNER and requested that SKINNER provide a statement. SKINNER stated, among other things, that he had used an Olympus camera to take all of the Child-Pornographic Images and all of the Non-Pornographic Images found on the Laptop. SKINNER stated that Minor A is the female depicted in all of the Child-Pornographic Images and the Non-Pornographic Images. SKINNER stated that he created these images of Minor A in the Northern District of Illinois at some time between January 2006, and April 2006.

FURTHER AFFIANT SAYETH NOT.

Demetrius Flowers
Special Agent, ICE

Subscribed and sworn
before me this 2nd day of May, 2006

HONORABLE GERALDINE SOAT BROWN
United States Magistrate Judge

5