UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.  06 CR 316 |
| | ) | Hon. Blanche M. Manning |
| ROBERT SKINNER | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
TO PERMIT REVIEW OF VIDEO TAPE

The UNITED STATES OF AMERICA by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, pursuant to Title 18, United States Code, § 3509(m), respectfully requests that the Court deny defendant's motion to permit review of the video tape charged in count one of the indictment.

## Introduction

Defendant is charged with six counts of manufacturing child pornography in violation of Title 18, United States Code, § 2251(a).  Count one of the indictment charges defendant with manufacturing a video of defendant and Minor Victim A engaged in sexually explicit conduct.  At defendant's counsel's request, the government permitted defendant's counsel to view the video. Defendant now moves this Court to permit defendant's expert psychologist, Dr. Eugene Wasyliw, to review the video tape charged in Count One.  Defendant's motion must be denied unless defendant can establish that the review by Dr. Wasyliw is in preparation for trial.  18 U.S.C. § 3509(m).

## Argument

Title 18,  United States Code, § 3509(m) requires the government to maintain control of child pornographic material, and to permit access to that material only under limited circumstances.  The

government must make child pornographic material "reasonably available" to the defendant in a criminal proceeding. 18 U.S.C. § 3509(m)(2)(A). Such material

> shall be deemed to reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

18 U.S.C. § 3509(m)(2)(B). Any disclosure of child pornographic material beyond these limited circumstances violates 18 U.S.C. § 3509(m)(1), which requires that such material "shall remain in the care, custody, and control of either the Government or the court." Defendant has made no showing that he will seek to qualify Dr. Wasyliw to furnish expert testimony at trial. Defendant has not provided notice that he will assert an insanity defense, nor has he asserted any other defense that would require an expert psychologist. Failing a showing that defendant intends to offer Dr. Wasyliw's testimony at trial, Dr. Wasyliw's review of the video would violate 18 U.S.C. § 3509(m).

Subsection (m) of section 3509 was part of an amendment to the Child victim's and child witness's rights section of Title 18, which became law in July 2006. The plain language of subsection (m) reflects Congress's intent to restrict viewing of child pornography, even in the context of a criminal proceeding. Any viewing by any person of a child pornographic image constitutes a re-victimization of the child and must not be permitted outside the limited circumstances authorized by Congress. It would be difficult to overstate the horror of the events depicted on the video, and the impact those events have had in the life of Minor Victm A. Congress has determined that only a defendant's right to a fair trial should overcome the presumption that no one be allowed to view the pornographic material once it has been seized by the government.

In a different context (resolving a dispute over who is the victim in a prosecution for possession and receipt of child pornography), the Seventh Circuit held in *United States v. Sherman*,

268 F.3d 539, (7th Cir. 2001), that children depicted in pornography "suffer a direct and primary emotional harm when another person possesses, receives or distributes the material." The *Sherman* court found that both possession of child pornography by an individual, and use of child pornography by the government in an investigation, invade the victim child's privacy. The child victim suffers additional injury each time the pornography is viewed. While Congress has made allowance for defendant and his counsel to view the pornography in order to prepare a defense for trial – which the government accommodated in this case by showing the video to defendant's counsel – the law does not provide for review for other purposes. To be clear, the government does not in any way question the motives of the defendant, defendant's counsel, or Dr. Wasyliw, in seeking a review of the video by Dr. Wasyliw. However, the review proposed by defendant is unlawful, and constitutes a significant additional harm to the victim, and for these reasons defendant's motion must be denied.

It is also worth noting that defendant has not explained to the Court, or the government, why this expert needs to see the video. The defendant filed an *ex parte* motion for appointment of the expert and has not provided the government with an explanation of the relevance of a review of the video. If the defendant fails to show that Dr. Wasyliw's opinions could be relevant at trial, and that a review of the video bears some relation to those opinions, then the Court must enforce 18 U.S.C. 3509(m) and deny this motion.

WHEREFORE, the government respectfully requests the Court deny defendant's motion to permit review of the video by defendant's expert.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Michael T. Donovan
MICHAEL T. DONOVAN
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 886 - 2035
Attorney no. 6224815

**CERTIFICATE OF SERVICE**

  The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following:

    GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO PERMIT REVIEW OF VIDEO TAPE

was served pursuant to the district court's ECF system as to ECF filers, on January 31, 2007.

              /s Michael T. Donovan
              Michael T. Donovan
              Assistant United States Attorney
              219 S. Dearborn St., Suite 500
              Chicago, Illinois 60604
              Attorney no. 6224815