UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 06 CR 316 |
| | ) | Hon. Blanche M. Manning |
| ROBERT SKINNER | ) | |

GOVERNMENT'S REPLY TO DEFENDANT'S MEMORANDUM
IN SUPPORT OF MOTION TO PERMIT REVIEW OF VIDEO TAPE

The UNITED STATES OF AMERICA by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, pursuant to Title 18, United States Code, § 3509(m), respectfully requests that the Court deny defendant's motion to permit review of the video tape charged in count one of the indictment.

In his memorandum in support of his motion to permit a psychologist to review the video tape in this case, defendant claims that he is entitled to have his expert review the video without even offering the Court a basis on which to conclude that defendant's expert could be an expert "at trial." 18 U.S.C. § 3509(m)(2)(B). The plain language of the statute requires that the expert be a person the defendant may use at trial. Defendant's proposed expert could not possibly be relevant to any issue "at trial," and therefore falls outside the limited exception in Title 18, United States Code, § 3509(m)(2)(B).

When Congress passed the Adam Walsh Child Protection and Safety Act of 2006, it made the following finding regarding images of child pornography:

> Every instance of viewing images of child pornography represents a renewed violation of the privacy of the victims and a repetition of their abuse.

Pub.L. No. 109-248, 120 Stat. 587, section 501(2)(D); *cf. United States v. Sherman*, 268 F.3d 539,

(7th Cir. 2001). Congress clearly enacted its intent in section 3509(m) and this Court must enforce the plain meaning of the statute. While it is reasonable to expect that defendant could use a psychologist as part of a mitigation effort at sentencing, the statute does not authorize viewing of the child pornography for sentencing purposes.

Defendant argues that he need only identify an expert -- apparently of any sort -- and the Court and the government must accede to defendant's request to permit the expert to review the child pornography. Defendant's interpretation of the statute would eliminate the words "at trial" from subsection (2)(B) of the statute, and deprive the Court of the authority to enforce Section 3509(m). Obviously, certain experts cannot possibly be qualified at a trial because their expertise is not relevant to any trial issue. As to these experts, the Court must enforce the "at trial" limitation enacted in Section 3509(m) and preclude their review of any child pornography. The psychologist is just such an expert in the context of this case.

The government does not seek to invade defendant's work product privilege. If a defendant proffered a class of expert who plainly had relevant expertise, *e.g.* a computer expert who could conduct a forensic analysis of a computer containing images of child pornography, or a pediatrician who might evaluate the age of a victim to determine if the victim was under eighteen at the time the image was manufactured, then the expert would reasonably fall within the authorization of Section 3509(m)(2)(B) and no further justification would be required. However, an expert whose testimony could not conceivably be relevant at trial cannot qualify for the exception provided under Section 3509(m)(2)(B).

WHEREFORE, the government respectfully requests the Court deny defendant's motion to permit review of the video by defendant's expert psychologist.

Dated: 20 February 2007

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:     s/ Michael T. Donovan
MICHAEL T. DONOVAN
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 886 - 2035
Attorney no. 6224815

## CERTIFICATE OF SERVICE

    The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following:

>GOVERNMENT'S REPLY TO DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO PERMIT REVIEW OF VIDEO TAPE

was served pursuant to the district court's ECF system as to ECF filers, on February 20, 2007.

        /s Michael T. Donovan
    Michael T. Donovan
    Assistant United States Attorney
    219 S. Dearborn St., Suite 500
    Chicago, Illinois 60604
    Attorney no. 6224815