UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.   06 CR 316 |
| | ) | Judge  Blanche M. Manning |
| ROBERT SKINNER | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER

The UNITED STATES OF AMERICA by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully requests that the Court deny defendant's motion to reconsider the Court's ruling set forth in the Court's February 22, 2007 Order.

In his motion to reconsider, defendant Skinner directs the Court to *Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087 (1985), in support of the proposition that defendant has a due process right requiring that his psychiatric expert have access to the video tape charged in count one of the indictment.  In effect, defendant Skinner argues that 18 U.S.C. § 3509(m) is unconstitutional as applied to him.  However, Skinner offers the Court no reason to make the leap from *Ake* -- which this Court has already enforced by appointing a psychiatrist -- to a ruling that 18 U.S.C. § 3509(m) is unconstitutional.  In fact, this Court has already exercised extraordinary care for Skinner's due process rights and should not accept defendant's invitation to radically expand *Ake* and rule § 3509(m) unconstitutional.

*Ake* cannot serve defendant's purpose for several reasons.  First, defendant has never made any showing that a significant psychiatric issue exists which could form the basis of a defense at

trial, or become an issue at sentencing.[1]  Defendant must make such a preliminary showing before the due process clause would require appointment of a psychiatrist.  *United States v. Fazzini*, 871 F.2d 635, 637 (7th Cir. 1989).  The conclusory affidavit of Dr. Wasyliw does not help defendant carry his burden.  Neither the motion nor the affidavit point to any significant issue relating to Skinner's psychiatric condition.  The government has not raised any psychiatric issue which would bring Skinner within the corollary holding of *Ake* which provides a defendant the right to rebut government psychiatric evidence at sentencing.  *Ake*, 470 U.S. at 83-4.  On this record, defendant is not even entitled to the appointment of a psychiatrist and therefore the Court has already overprotected defendant's rights.  Although the Court has been generous to defendant, Skinner has not made the case that the due process analysis in *Ake* requires appointment of a psychiatrist in this case, much less that 18 U.S.C. § 3509(m) is unconstitutional as applied to him.

Second, even assuming, *arguendo*, Skinner were to identify a significant psychiatric issue to be resolved at sentencing, defendant has made no effort to demonstrate that his claimed due process right trumps the will of Congress, and the privacy interests of the child victim, as expressed in 18 U.S.C. § 3509(m).  Defendant does not analyze the relevant due process factors.  *See Ake v. Oklahoma*, 470 U.S. 68, 77, 108 S.Ct. 1087, 1093 (1985).  Further, defendant does not cite a single case which holds that due process requires defendant's psychiatrist to be able to review particular pieces of evidence.  In sum, defendant seeks to expand *Ake* far beyond its holding into an absolute constitutional right to have a psychiatric expert review any evidence without even requiring defendant to offer a reason for such review.  Neither *Ake* nor due process require this result.

---

[1] It is worth noting that during the briefing on defendant's original motion, defendant never represented to the Court that Dr. Wasyliw would be an expert at trial.  Defendant still makes no such representation and therefore no question of defendant's trial rights is presented.

Finally, Skinner's motion implicitly takes the novel position that *Ake* renders § 3509(m) unconstitutional and requires the Court to order that Dr. Wasyliw, be able to review the contraband produced by defendant. Defendant does not explain how *Ake* requires this result, nor does he cite any of *Ake*'s progeny to support his argument. In *Ake*, the Court specifically defined its holding:

> We therefore hold that when a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense.

*Ake*, 470 U.S. at 83. Nothing in the holding or dicta of *Ake* requires that a psychiatrist see any, or every, piece of evidence in preparation for sentencing. Certainly, nothing in *Ake* requires holding § 3509(m) unconstitutional on its face, or as applied to Skinner.

WHEREFORE, the government respectfully requests the Court deny defendant's motion to reconsider.

Dated: 25 April 2007

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Michael T. Donovan
MICHAEL T. DONOVAN
Assistant United States Attorneys
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 886 - 2035
Attorney no. 6224815

3

## CERTIFICATE OF SERVICE

      The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following:

      GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER

was served pursuant to the district court's ECF system as to ECF filers, on April 25, 2007.

      /s Michael T. Donovan
      Michael T. Donovan
      Assistant United States Attorney
      219 S. Dearborn St., Suite 500
      Chicago, Illinois 60604
      Attorney no. 6224815