(Rev. 03/05)

# United States District Court
# Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case Number: 06-CR-316-1 |
| ) | Judge: Blanche M. Manning |
| Robert Skinner ) | |

Michael Donovan, Defendant's Attorney
Donald Young, AUSA

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT ENTERED A PLEA OF:**

guilty to Count(s) 1 and 2 of the indictment, which was accepted by the court.

The remaining Count(s) is/are dismissed.

**THE DEFENDANT IS CONVICTED OF THE OFFENSES(S) OF:**

| Title & Section | Description of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 2251(a) | Sexual Exploitation of Children | May 1, 2006 | one and two |

The defendant is sentenced as provided in the following pages of this judgment.

**Robert Skinner**  
**06 CR 316-1**

Page 2 of5

## IMPRISONMENT

### IT IS THE JUDGMENT OF THIS COURT THAT:

As to Count one, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total uninterrupted term of **360**. As to Count two, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total uninterrupted term of **360**. **Said counts to run consecutively.**

The Court recommends to the Bureau of Prisons:

that the defendant serve his term of imprisonment at a facility with a sex offender treatment program

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for the periods specified for each count of conviction.

The defendant is sentenced on all count(s) of conviction, namely, Count(s) one and two to a period of 5 years of Supervised Release, said periods to run concurrent.

The defendant is sentenced on all count(s) of conviction to Supervised Release, said periods to run concurrent as follows:

| Count | one | a period of | 5 year(s) Supervised Release. |
|---|---|---|---|
| Count | two | a period of | 5 year(s) Supervised Release. |

The defendant shall report to the probation office in the district to which the defendant is released within seventy-two hours of release from the custody of the Bureau of Prisons. In addition, see the attached page(s) defining the mandatory, standard and discretionary conditions of supervised release that apply in this case.

**Robert Skinner**  
**06 CR 316-1**

## MANDATORY CONDITIONS OF SUPERVISED RELEASE
### (As set forth in 18 U.S.C. § 3583 and U.S.S.G. § 5D1.3)

1) For any offense, the defendant shall not commit another federal, state or local crime;

2) for any offense, the defendant shall not unlawfully possess a controlled substance;

3) for offenses committed on or after September 13, 1994, the defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within fifteen days of release from imprisonment and at least two periodic drug tests thereafter for use of a controlled substance as determined by the court:

4) for a domestic violence crime committed on or after September 13, 1994, as defined in 18 U.S.C. § 3561(b) by a defendant convicted of such an offense for the first time, the defendant shall attend a rehabilitation program in accordance with 18 U.S.C. § 3583(d);

5) for a defendant classified as a sex offender pursuant to 18 U.S.C. § 4042(c)(4), the defendant shall comply with the reporting and registration requirements set forth in 18 U.S.C. § 3583(d);

6) the defendant shall cooperate in the collection of a DNA sample from the defendant if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 and the Justice for All Act of 2004; and

7) The defendant shall pay any balance on the special assessment, restitution and/or fine imposed against the defendant.

## STANDARD CONDITIONS OF SUPERVISED RELEASE

1) For any felony or other offense, the defendant shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921;

2) the defendant shall not leave the judicial district without the permission of the court or probation officer (travel outside the continental United States requires court authorization);

3) the defendant shall report to the probation officer as directed by the court or the probation officer and shall submit a truthful and complete written report within the first five days of each month;

4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5) the defendant shall provide to the probation officer access to any requested financial information including, but not limited to, tax returns, bank statements, credit card statements, credit applications, etc.;

6) the defendant shall support his or her dependents and meet other family responsibilities;

7) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

8) the defendant shall notify the probation officer ten (10) days prior to any change in residence or employment;

9) the defendant shall refrain from excessive use of alcohol;

10) the defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as requested by the probation officer to determine the use of any controlled substance;

11) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

**Robert Skinner**            Page 4 of 5
**06 CR 316-1**

12) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

13) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

14) the defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;

15) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

16) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

17) if this judgment imposes a special assessment, restitution or a fine, it shall be a condition of probation or supervised release that the defendant pay any such special assessment, restitution or fine in accordance with the court's order set forth in the Criminal Monetary Penalties sheet of this judgment.

Other conditions imposed by the court:

1. Pursuant to 18 USC 3583(d), as a mandatory provision of supervised release, an offender convicted of any federal sex offense described in 18 USC 4042(c)(4)(D), must register as a sex offender, and shall report to his supervising probation officer the address at which he resides as well as any subsequent change of resident. The defendant shall not move without the prior permission of his supervising officer. The defendant shall register as a sex offender in any state where he resides, is employed, carries on a vocation, or is a student.

2. The defendant shall participate in a mental health treatment program as approved by the U.S. Probation Office and under the guidance and supervision of his probation officer. As a part of that mental health treatment, the defendant shall participate in and successfully complete a sex offender treatment program, including testing, evaluation and assessment, shall follow directions of the treatment staff, and shall take any and all medications prescribed by the treatment staff.

3. Upon release from imprisonment, the defendant shall register as a sex offender with the Illinois State Police Department, in Chicago, Illinois as required by 18 USC 4042(c), and adhere to any and all provisions that are included in the Illinois State Sex Offender Registration laws. Should the defendant be released to a state other than Illinois, he shall register as a sex offender with that state and adhere to any and all provisions that are included in the State Sex Offender Registration laws.

4. As a registered sex offender, the defendant shall not have unsupervised contact with anyone under the age of 18 years old. Contact is defined as person to person contact, contact over the telephone, through the mail, over the Internet, through "real time chat," and third-party contact.

5. The defendant shall not possess or use a computer without the prior approval of his supervising probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network. In addition, he shall not possess or use any data encryption technique or program.

6. The defendant shall comply with the requirements of the Computer and Internet Monitoring Program as administered by the probation office. The defendant shall consent to the installation of computer monitoring

Robert Skinner                                                                                              Page 5 of 5
06 CR 316-1

software on all identified computers to which the defendant has access. The software may restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitorint software. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software. The costs of the monitoring shall be paid by the defendant.

7. The defendant shall disclose his conviction to any prospective employer at the direction of the supervising probation officer and the Court.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the "Schedule of Payments." Unless waived, the defendant shall pay interest on any restitution and/or fine of more than $2,500, unless the restitution and/or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). The payment options may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

| **Total Assessment(s)** | Total Fine  | Restitution | **Mandatory Costs of Prosecution** |
|-------------------------|-------------|-------------|------------------------------------|
| **$200.00**             | Fine Waived | $           | $                                  |

The defendant shall notify the United States Attorney's Office having jurisdiction over the defendant within thirty days of any change of name, residence or mailing address until all special assessments, restitution, fines, and costs imposed by this judgment are fully paid.

The defendant is immediately remanded to the custody of the United States Marshal.

Date of Imposition of Judgment/Sentencing: October 19, 2007

_____
BLANCHE M. MANNING
UNITED STATES DISTRICT JUDGE

Dated at Chicago, Illinois this 22nd day of October, 2007